IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASMINE BRUNSON, #52406-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. GLR-12-1416 |
| WARDEN | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Respondent's unopposed[1] Motion to Dismiss or for Summary Judgment. ECF No. 5. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Respondent's Motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Petitioner alleges he was not properly credited for time spent in pre-trial incarceration, contrary to the orders of this Court. Petitioner explains he was sentenced on February 3, 2012, and was awarded time for the "full length" of his incarceration beginning on May 28, 2010. He states he was never released from custody between the two dates and that he was found not guilty for the May 28, 2010 offense. Despite being credited with the time served, Petitioner states he was told by Bureau of Prison staff that his sentence begins on July 27, 2010. ECF No. 1.

Respondent states that Petitioner was arrested on May 28, 2010, by Baltimore City Police on charges of Attempted CDS Distribution, Unlawful CDS Possession, and CDS Possession

---

[1] Petitioner was provided written notification of his right to file an opposition to the motion and of the consequences of failing to do so. ECF No. 6.

(case number 810196002). ECF No. 5 at Ex. 1A. The following day Petitioner was committed to the Baltimore City Detention Center. Id. at Ex. 1B.

On June 16, 2010, Petitioner was found guilty and sentenced in the Circuit Court for Baltimore City (case number 310118001) to a term of 60 days for malicious destruction of property. Id. at Ex. 1D. The 60-day term commenced on May 28, 2010, and Petitioner completed the term on July 5, 2010, but remained in custody pursuant to the CDS charges. Id. at Ex. 1E. On July 29, 2010, the CDS charges for which Petitioner was arrested on May 28, 2010, were nolle prossed. Id. at Ex. 1C.

On August 3, 2010, Petitioner was released from the custody of the City of Baltimore to the custody of authorities in Baltimore County for open charges of Driving without a License. Id. at Ex. 1F. On August 31, 2010, the traffic offense was nolle prossed. Id. at Ex. 1G. On September 1, 2010, Petitioner was released from state custody and transferred to the exclusive custody of federal authorities. Id. at Ex. 1H.

On February 3, 2012, Petitioner was sentenced by this Court to serve 80 months imprisonment, followed by eight years of supervised release, for Conspiracy to Distribute and Possess with Intent to Distribute a Mixture Containing Cocaine Base. See United States v. Brunson, BE-10-336-017 (D. Md.), see also ECF No. 5 at Ex.1I. The Bureau of Prisons audited Petitioner's sentence computation on May 30, 2012, and determined that he was entitled to credit for jail custody from July 6, 2010, through February 2, 2012. Prior to the audit, Petitioner's jail credit was erroneously computed to be July 27, 2010, through February 2, 2012. ECF No. 5 at Ex. 1, ¶ 4. Pursuant to the audit, Petitioner has now been credited with the proper amount of jail credit. Id. at Ex. 1J.

**Standard of Review**

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas corpus proceedings.  Rules Governing § 2254 Cases,[2] Rule 12.  Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal

---

[2] The district court may apply any or all of the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment.  Rules Governing § 2254 Cases, Rule 1(a).

quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

It is the responsibility of the United States Attorney General, the Department of Justice and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. See 18 U.S.C. § 3624. In the event a prisoner disputes the computation of his sentence or the application of credits, he or she is permitted to seek a remedy for the grievance through the administrative remedy process in place in the Bureau of Prisons facilities. See 28 C.F.R. 542.10 through 542.19.

Respondent asserts Petitioner has failed to exhaust administrative remedies with respect to his claim. ECF No. 5, Memorandum at p. 3. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies:
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Petitioner is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Petitioner is aggrieved by a single occurrence, as opposed to general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to the exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See

Booth v. Churner, 532 U.S. 731, 741 (2001).  A claim which has not been exhausted may not be considered by this Court.  See Jones v. Bock, 549 U.S. 199, 220 (2007).

    The undisputed allegation in the instant case is that Petitioner never made any attempt to address his grievance through the administrative remedy procedure.  Accordingly, Respondent is entitled to summary judgment in his favor.

    A separate Order follows.

August 24, 2012                                                                                             /s/
                                                                                                                                                                                _____
                                                                                                                                                                                George L. Russell, III
                                                                                                                                                                                United States District Judge